obtaining Roach's travel documents for removal. This interference extended his removal period and detention under 8 U.S.C. § 1231(a)(1)(C), which provides that the removal period and detention shall be extended beyond ninety days if the alien "conspires or acts to prevent the alien's removal subject to an order of removal."

With liberal construction, Roach's *pro se* appeal challenges the constitutionality of his continued detention. We conclude that Roach failed to meet his initial burden of proof in showing there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas,* 533 U.S. at 701, 121 S.Ct. 2491; *see also Andrade v. Gonzales,* 459 F.3d 538, 543–44 (5th Cir.2006). Further, the magistrate judge did not err in finding that Roach's repeated filings with the BIA constituted acts to prevent his removal, thus extending his removal period under 8 U.S.C. § 1231(a)(1)(C).

Accordingly, we AFFIRM.

Ernest Gonzalez, U.S. Attorney's Office Eastern District of Texas, Plano, TX, for Plaintiff–Appellee.

Trent Brewer, McKinney, TX, pro se.

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM: *

Trent Brewer seeks to appeal the 360–month sentence he received after he pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. In his written plea

### UNITED STATES of America,
### Plaintiff–Appellee

### v.

### Trent BREWER, Defendant–Appellant.

### No. 08–41142
### Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 21, 2009.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement, Brewer waived his right to appeal his sentence on all grounds, except he reserved the right to appeal (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver itself. He argues that the appeal waiver is not enforceable because the Government breached the plea agreement when it recommended at sentencing that Brewer not be given a three-level reduction for acceptance of responsibility.

This court pretermits the issue whether the Government breached the plea agreement and finds that Brewer's challenge to his sentence is unavailing. Given Brewer's use of a cell phone in violation of jail rules, the district court did not clearly err when it denied him a three-level reduction for acceptance of responsibility. *See United States v. Gonzales,* 19 F.3d 982, 983 (5th Cir.1994); U.S.S.G. § 3E1.1, comment. (n.1(b)). Nor has Brewer rebutted the presumption that his sentence, at the bottom of the guidelines range of imprisonment, is reasonable. *See United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006).

AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Shane SMITH, Defendant–Appellant.**

No. 08–10978

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 21, 2009.

Nancy E. Larson, Assistant U.S. Attorney, Robert Austin Klinck, U.S. Attorney's Office, Fort Worth, TX, for Plaintiff–Appellee.

Brett Davis Boone, Law Office of Brett D. Boone, Fort Worth, TX, for Defendant–Appellant.